UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EXP GROUP LLC,

                Plaintiff,

   -against-                                     REPORT AND
                                                                RECOMMENDATION

                                                                 19 CV 5083 (LDH)(RML)

CKF PRODUCE CORP., KOJI UENO,
and KATHERYN DE LA ROSA,

                Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated April 10, 2020, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend granting plaintiff's motion for default judgment as to liability and deferring the motion as to damages, attorney's fees, and costs.

## BACKGROUND AND FACTS

       On September 6, 2019, plaintiff EXP Group LLC ("plaintiff" or "EXP Group") commenced this action against defendants CKF Produce Corp. ("CKF Produce"), Katheryn De La Rosa ("De La Rosa"), and Koji Ueno ("Ueno") seeking to enforce statutory trust rights under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a ("PACA") and collect PACA trust assets belonging to plaintiff in the principal amount of $425,129.50, plus interest, attorney's fees and costs. (Complaint, dated Sept. 5, 2019 ("Compl."), Dkt. No. 1, ¶¶ 7-12.)

       Plaintiff is a New Jersey corporation that buys and sells wholesale quantities of produce in interstate commerce, with its principal place of business in North Bergen, New

Jersey. (Id. ¶ 3.) At all times relevant to this case, EXP Group was subject to and licensed under the provisions of PACA as a dealer. (Id.) According to the complaint, defendant CKF Produce is a New York corporation that buys and sells wholesale quantities of produce in interstate commerce. (Id. ¶ 4.) Plaintiff alleges that CKF Produce's principal place of business is in Brooklyn, New York. (Id.) Defendant Ueno is "an officer, director and/or shareholder of CKF [Produce]" and was in "a position of control over the PACA trust assets belonging to [p]laintiff." (Id. ¶ 5.) Defendant De La Rosa is "an officer, director and/or shareholder of CKF [Produce]" and was in "position of control over the PACA trust assets belonging to[p]laintiff." (Id. ¶ 6.) The complaint alleges that a trust was created "[a]t the time of receipt of the produce, [where] [p]laintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers." (Id. ¶ 10.) This trust consists of "all produce and produce related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in possession or control of [d]efendants since the creation of the trust." (Id.)

According to the complaint, from June 29, 2019 to August 6, 2019, plaintiff sold and delivered wholesale quantities of produce to defendants through interstate commerce worth $425,129.50. (Id. ¶ 8.) Defendants have allegedly failed to pay for the goods by the agreedupon dates, despite plaintiff's repeated demands. (Id. ¶¶ 20-21.) Plaintiff claims that defendants presently owe $425,129.50 in outstanding principal, plus additional amounts pursuant to the parties' agreement. (Id. ¶¶ 9, 21.) Additionally, plaintiff asserts that "[d]efendants' failure, refusal and inability to pay [p]laintiff" indicates that "[d]efendants are failing to maintain sufficient assets in the statutory trust to pay [p]laintiff and are dissipating trust assets." (Id. ¶ 12.) Plaintiff alleges that it remains a beneficiary of the trust until it receives complete payment for the produce. (Id. ¶ 11.)

The summons and complaint were served on defendants on September 10, 2019. (See Affidavits of Service of Dwight Morant, sworn to Sept. 11, 2019, Dkt. Nos. 7, 8, 9.) Defendant De La Rosa answered the complaint on September 30, 2019 and is presently engaged in discovery. (Answer, dated Sept. 30, 2019, Dkt. No. 15; Order Granting Motion for Extension of Time to Complete Discovery, dated Nov. 11, 2020.) No answer or other responsive pleadings were filed by defendants CKF Produce or Ueno ("defendants"). (Declaration of Paul T. Gentile, Esq. ("Gentile Decl."), dated Apr. 3, 2020, Dkt. No. 32-1, ¶¶ 5-6.) On October 29, 2019, plaintiff requested certificates of default as to defendants pursuant to Federal Rule of Civil Procedure 55(a). (Requests for Certificate of Default, dated Oct. 29, 2019, Dkt. Nos. 19, 20.) On November 4, 2019, the Clerk of the Court noted the defaults of CKF Produce and Ueno. (See Certificates of Default, dated Nov. 4, 2020, Dkt. Nos. 22, 23.)

On April 3, 2020, plaintiff filed and served the instant motion for default judgment against CKF Produce and Ueno, jointly and severally. (Motion for Default Judgment, dated Apr. 3, 2020, Dkt. No. 32; Affidavits of Service of Jonathan S. Bodner, sworn to Apr. 3, 2020, Dkt. Nos. 33, 34.) Defendants have not opposed or otherwise responded to this motion.

**DISCUSSION**

A. <u>Default Judgment</u>

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set

aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

In order to grant a default judgment, the court must ensure that the plaintiff took all of the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit. Here, plaintiff has demonstrated that it properly served Ueno by personal delivery and CKF Produce by an authorized agent. (See Affidavits of Service of Dwight Morant, sworn to Sept. 11, 2019, Dkt. Nos. 7, 8; see also FED. R. CIV. P. 4(e)(2)(A); 4(h)(1)(B).) After defendants failed to answer the complaint, plaintiff obtained certificates of default and properly moved for default judgment. See FED. R. CIV. P. 55; City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Then, plaintiff mailed defendants a copy of the Motion for Default Judgment and accompanying papers in compliance with Local Rule 55.2(c). (See Certificates of Service, dated Apr. 4, 2020, Dkt. Nos. 33, 34.) Accordingly, I find that plaintiff took all of the required steps and that the Clerk of the Court's entry of default against CKF Produce and Ueno was proper.

However, an entry of default alone is insufficient to establish liability, "since a party in default does not admit mere conclusions of law." Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr., No. 05 CV 1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citation omitted). As such, a court must determine whether the allegations establish liability as a matter of law. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

B. Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." Id. A defendant's default is considered an admission of all well-pleaded allegations of liability.

4

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The plaintiff, however, bears the burden of demonstrating that the unchallenged facts and all reasonable inferences drawn from the evidence establish the defendant's liability on each asserted cause of action. See Mickalis Pawn Shop, 645 F.3d at 137; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

1. CKF Produce's Liability Under PACA

Plaintiff argues that CKF Produce is liable under PACA § 499e(c) for failing to pay for the produce purchased from plaintiff. (See Memorandum of Law in Support of the Motion for Default Judgment, dated Apr. 3, 2020 ("Pl.'s Mem."), Dkt. No. 32-10, at 1, 5-6.) PACA was enacted "to regulate the interstate sale and marketing of perishable agricultural commodities." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007). The statute gives sellers of agricultural produce "a self-help tool" to ensure they can "protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." Id. (quotations omitted). Section 499e(c) "requires licensed dealers to hold all perishable commodities purchased on short-term credit, as well as sales proceeds, in trust for the benefit of unpaid sellers" until full payment is made. Am. Banana Co. v. Republic Nat'l Bank of New York, N.A., 362 F.3d 33, 37 (2d Cir. 2004); see also 7 U.S.C. § 499e(c)(2). "[T]he trust is formed at the moment the produce is shipped to the buyer" and it is "intended exclusively to benefit produce suppliers." G & P Warehouse, Inc. v. Cho's Church Ave. Fruit Mkt., No. 15 CV 6174, 2016 WL 5802747, at *4 (E.D.N.Y. Aug. 12, 2016) (quotations and citation omitted). "The creation of the trust establishes a fiduciary obligation to repay the full amount of the debt owed to the PACA beneficiary and protects sellers from the risk of default by buyers." Higueral Produce, Inc. v. CKF Produce Corp., No. 18 CV 6760, 2019 WL

5

5694079, at *5 (E.D.N.Y. Aug. 16, 2019) (quotations and citations omitted), <u>report and recommendation adopted as modified</u>, No. 18 CV 6760, 2019 WL 5693798 (E.D.N.Y. Sept. 30, 2019).

To establish a violation of § 499e(c) and recover proceeds from a PACA-created trust, a plaintiff must demonstrate the following five elements:

> (1) The commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by law.

<u>New Son Yeng Produce N.Y. LLC v. New A & N Food Mkt., Inc.</u>, No. 13 CV 5012, 2014 WL 3725874, at *4 (E.D.N.Y. July 25, 2014) (quoting <u>A & J Produce Corp. v. Chang</u>, 385 F. Supp. 2d 354, 358 (S.D.N.Y. Apr. 4, 2005)).

Plaintiff has satisfied the five elements required to establish CKF Produce's liability. First, the items sold were perishable agricultural commodities. PACA defines "perishable agricultural commodities" as "[f]resh fruits and fresh vegetables of every kind and character[,]" whether or not they are "frozen or packed in ice[.]" 7 U.S.C. § 499a(b)(4)(A). Plaintiff sold wholesale quantities of produce to CKF Produce between June 29, 2019 and August 6, 2019. (Compl. ¶¶ 3, 8; Invoices, annexed as Ex. A to the Declaration of Emil Serafino, dated Sept. 5, 2019 ("Serafino Decl."), Dkt. Nos. 32-4, 32-6)

Second, CKF Produce, the purchaser, was a licensed dealer under PACA at the time of the transactions at issue. A "dealer" is described as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6).

6

Plaintiff alleges that CKF Produce "engaged in the business of buying and selling wholesale quantities of produce in interstate commerce" and therefore was subject to PACA as a dealer. (Compl. ¶ 4; Serafino Decl. ¶ 3.)

Third, the transactions at issue occurred in interstate commerce. PACA defines "interstate or foreign commerce" as "commerce between any State or Territory, or the District of Columbia and any place outside thereof; or between points within the same State or Territory, or the District of Columbia but through any place outside thereof; or within the District of Columbia." 7 U.S.C. § 499a(3). Courts have interpreted the definition of "interstate commerce" broadly. See Maspeth Trading, Inc. v. New A & N Food Market, Inc., No. 13 CV 6454, 2014 WL 3762694, at *5 (E.D.N.Y. June 10, 2014) ("[I]n keeping with the Supreme Court's broad definition of interstate commerce, even purely intrastate transactions may be subject to the PACA's provisions if they are part of the usual stream of commerce that includes other interstate transactions.") Plaintiff alleges that the goods were sold and delivered in interstate commerce. (Compl. ¶¶ 3-4, 8; Serafino Decl. ¶ 7.)

Fourth, EXP Group, the seller, has not received full payment for the produce. Plaintiff alleges that defendants have failed to pay for the goods and presently owe plaintiff $425,129.50. (See Compl. ¶¶ 9, 12, 14, 20, 28, 34; Serafino Decl. ¶ 7.)

Fifth, EXP Group preserved its statutory trust rights. PACA allows a seller to preserve its trust rights by providing written notice to the dealer within thirty days of when payment is due, or by including a printed statement on its billing or invoice statements. 7 U.S.C. § 499e(c)(3)-(4). Plaintiff alleges that it "preserved its interest in the PACA trust in the principal amount of at least $425,129.50 and remains a beneficiary until full payment is made for the produce." (Compl. ¶ 11.) In support, plaintiff submitted invoices for the relevant sales of

7

produce to CKF Produce, and all of the invoices contain language in a footnote explaining that "[t]he seller of these commodities retains a trust claim over these commodities[.]" (See Invoices, Serafino Decl., Ex. A.)

Accepting plaintiff's allegations as true, as this court must, plaintiff has demonstrated that CKF Produce breached its fiduciary duty by failing to pay its debt owed to plaintiff. Plaintiff has therefore established CKF Produce's liability.

2. Ueno's Liability Under PACA

Plaintiff next argues that Ueno is personally liable for the debt owed because he breached his fiduciary duty to preserve the PACA assets. (Pl.'s Mem. at 6-8.) "A PACA trustee's primary duty is to 'maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [PACA].'" D.M. Rothman & Co. v. Korea Commercial Bank of New York, 411 F.3d 90, 93-94 (2d Cir. 2005) (quoting 7 C.F.R. § 46.46(d)(1)). "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, 485 F.3d at 705.

Plaintiff alleges that Ueno "was an officer, director and/or shareholder of CKF [Produce] during and prior to the time period in question who, upon information and belief, controlled the operations of CKF [Produce] and was in a position of control over the PACA trust assets." (Compl. ¶¶ 5, 23.) In support of its allegations, plaintiff submits a CKF Produce Chase Bank check signed by Ueno to demonstrate that he was a signatory for CKF Produce's business bank account. (See Checks, annexed as Ex. B to the Serafino Decl.) Plaintiff also notes that

Ueno's own declaration, dated October 18, 2019 and filed in this case, avers that Ueno is "the sole shareholder and the sole officer/director of CKF Produce Corporation[,]…the only person who had the authority to control the operations of CKF, to make or not make payments to PACA TRUST creditors such as EXP, and who was in the position of control over the PACA trust assets." (Pl.'s Mem. at 8; Declaration of Koji Ueno, dated Oct. 18, 2019, Dkt. No. 17, ¶ 6.) Plaintiff further alleges that, as someone who had control over the PACA trust, Ueno's failure "to direct CKF to fulfill its statutory duty to preserve the PACA Trust assets and pay EXP…[was] an unlawful dissipation of the PACA Trust assets by a corporate official and a breach of his fiduciary duty as a PACA trustee." (Compl. ¶ 25; see also Pl.'s Mem. at 8.)

Accepting plaintiff's well-pled allegations as true and considering the documentary evidence, Ueno had control over EXP Group's trust assets and breached his fiduciary duty as a PACA trustee. Therefore, Ueno is personally liable for the failure to preserve PACA trust assets for plaintiff's benefit. See Higueral Produce, 2019 WL 5694079, at *6 (finding Ueno liable under PACA for CKF's violation of its fiduciary duties based on plaintiff's allegations that Ueno was in a position of control over the PACA trust assets and dissipated the PACA trust's assets); Double Green Produce, Inc. v. Forum Supermarket Inc., 387 F. Supp. 3d 260, 271 (E.D.N.Y. 2019) (finding that personal liability was established by plaintiff's allegations that defendant was in a position of control over the PACA trust assets and had dissipated the trust's assets); Mission Produce, Inc. v. AP Royal Product, Inc., No. 16 CV 7015, 2017 WL 2274972, at *2 (E.D.N.Y. May 24, 2017) ("[A]llegations in the complaint as to the individual [defendant's] control of the business are sufficient to impose liability.").

       3. Joint and Several Liability

"'Under the doctrine of joint and several liability, when two (2) or more defendants act together to cause an injury, each defendant is liable to the victim for the total damages.'" G & P Warehouse, 2016 WL 5802747, at *5 (quoting Ainbinder v. Money Ctr. Fin. Grp., Inc., No. 10 CV 5270, 2014 WL 1220630, at *3 (E.D.N.Y. Mar. 24, 2014)). As discussed above, plaintiff has sufficiently pleaded that CKF Produce is liable to plaintiff under PACA and that Ueno was in a position of control over CKF Produce and the PACA trust at the time that plaintiff was injured. As a result, I respectfully recommend that CKF Produce and Ueno be held jointly and severally liable.

C. Damages

Plaintiff seeks $425,129.50 for the unpaid produce, plus interest, attorney's fees, and costs. (Pl.'s Mem. at 9-11.) On a motion for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, 973 F.2d at 158. "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." Griffiths v. Francillon, No. 10 CV 3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (citations and quotations omitted).

However, in cases where some but not all defendants have defaulted, "'the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.'" Harvey v. Home Savers Consulting Corp., No. 07 CV 2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (quoting Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992)). This principle applies even in cases where a plaintiff is seeking joint and several liability. See, e.g., Brogden v. Bize,

10

No. 12 CV 1204, 2014 WL 77479, at *2 (S.D.N.Y. Jan. 8, 2014); 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp., No. 04 CV 8596, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006).

In the case at hand, the non-defaulting defendant, Katheryn De La Rosa, is still an active defendant in this case. Plaintiff is seeking the same determination of joint and several liability and relief against De La Rosa as against the defaulting defendants. (See Compl.) It is premature to enter a judgment that would award plaintiff specified amounts from the defaulting defendants before liability and relief is addressed with respect to De La Rosa. Therefore, I respectfully recommend that the damages inquiry be deferred until it can be handled concurrently with the issue of damages against De La Rosa.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that a default judgment be entered against defendants CKF Produce and Koji Ueno with respect to liability and that the determination as to damages, attorney's fees, and costs be deferred.

Plaintiff is directed to serve a copy of this Report and Recommendation on all defendants by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

/S/
ROBERT M. LEVY United
States Magistrate Judge

Dated: Brooklyn, New York
February 8, 2021