UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EXP GROUP LLC,

                Plaintiff,

  -against-

CKF PRODUCE CORP., KOJI UENO,
and KATHERYN DE LA ROSA,

                Defendants.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION

19 CV 5083 (LDH)(RML)

LEVY, United States Magistrate Judge:

      By order dated March 24, 2021, the Honorable LaShann DeArcy Hall, United States District Judge, referred the outstanding determination of damages, attorney's fees, and costs to me. For the reasons explained below, I respectfully recommend that plaintiff's requested damages be awarded in part.

## BACKGROUND AND FACTS

      The court assumes familiarity with the facts of this action and the original litigation from which it arose. Briefly, plaintiff EXP Group LLC ("plaintiff" or "EXP Group") commenced this action against defendants CKF Produce Corp. ("CKF Produce"), Katheryn De La Rosa, and Koji Ueno on September 6, 2019. (Complaint, dated Sept. 5, 2019 ("Compl."), Dkt. No. 1.) Plaintiff sought to enforce statutory trust rights under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a ("PACA"), and collect PACA trust assets belonging to plaintiff. (Id. ¶¶ 7-12.) On April 3, 2020, plaintiff filed a motion for default judgment against defendants CKF Produce and Kenji Ueno. (Motion for Default Judgment, dated Apr. 3, 2020, Dkt. No. 32.) I issued a Report and Recommendation on February 8, 2021 recommending that a

default judgment be entered against those defendants with respect to liability and that the determination as to damages, attorney's fees, and costs be deferred pending a determination of liability and relief with respect to defendant Katherine De La Rosa. (Report and Recommendation, dated Feb. 8, 2021, Dkt. No. 47.) Subsequently, plaintiff filed a stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing this action as to Katheryn De La Rosa. (Stipulation of Dismissal, dated Mar. 1, 2021, Dkt. No. 51.) Katheryn De La Rosa was dismissed from this matter on March 12, 2021 and a default judgment as to liability was entered against defendants CKF Produce and Koji Ueno on March 24, 2021. (See Stipulation and Order of Dismissal Solely as to Katheryn De La Rosa, dated Mar. 12, 2021, Dkt. No. 54; Order Adopting Report and Recommendation, dated Mar. 23, 2021.)

Plaintiff now seeks an award of damages against CKF Produce and Koji Ueno in the amount of $494,527,60, comprised of $425,129.50 in principal; pre-judgment interest through March 1, 2020 of $46,105.37; attorney's fees through February 2020 of $21,665; $1,627.73 in costs; and post-judgment interest at the default federal statutory rate. (Letter Motion, dated Mar. 12, 2020, Dkt. No. 52; see also Declaration of Paul T. Gentile, Esq., dated Apr. 3, 2020 ("Gentile Decl."), Dkt. No. 32-1, ¶¶ 8-13; Declaration of Emil Serafino, dated Sept. 5, 2019 ("Serafino Decl."), attached as Ex. C to Gentile Decl., Dkt. No. 32-4; Memorandum of Law in Support of EXP's Motion for Default Judgment, dated Apr. 3, 2020 ("Pl.'s Mem."), Dkt. No. 32-10, at 9-11.) Plaintiff has waived its claims for additional interest and attorney's fees that accrued subsequent to the periods set forth in its Motion for Default Judgment. (See Letter Motion.)

**DISCUSSION**

I.    Damages

On a motion for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." Griffiths v. Francillon, No. 10 CV 3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (citations and quotations omitted). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06 CV 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1992)). A district court has the discretion to determine if there is sufficient evidence for the damages sought based upon either an evidentiary hearing or a review of detailed affidavits and documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). See also McLean v. Wayside Outreach Dev. Inc., 624 F. App'x 44, 45 (2d Cir. 2015) ("Even when the court determined damages with the aid of a single affidavit only partially based upon real numbers, we have not found an abuse of discretion in the district court's failure to hold an evidentiary hearing.")

A.  Principal Amount

Plaintiff seeks damages in the principal amount of $425,129.50. (Pl.'s Mem. at 9.) As alleged in the Complaint and as set forth in the Serafino Declaration, no amount of the

3

principal has been paid. (Compl. ¶ 28; Serafino Decl. ¶ 7.) In support of this claim, plaintiff submitted copies of invoices for the goods sold to defendants between June 29, 2019 and August 6, 2019. (See Invoices, annexed as Ex. A to the Serafino Decl., Dkt. Nos. 32-4, 32-5, 32-6.) My own calculation of the sums of the invoices totals $425,129.50. Thus, I respectfully recommend awarding plaintiff the sought $425,129.50 for unpaid principal. See Double Green Produce, Inc. v. Forum Supermarket Inc., 387 F. Supp. 3d 260, 272 (E.D.N.Y. 2019) (relying on invoices submitted as exhibits to determine damages); Hop Hing Produces Inc. v. X & L Supermarket, Inc., No. 12 CV 1401, 2013 WL 1232919, at *8 (E.D.N.Y. Mar. 4, 2013) (same), report and recommendation adopted, 2013 WL 1232948 (E.D.N.Y. Mar. 26, 2013).

   B. Pre-Judgment Interest

In addition to the outstanding balance on the invoices, plaintiff seeks pre-judgment interest on the principal beginning on the date each invoice became past due. (Pl.'s Mem. at 9; Calculations of Interest Chart, attached as Ex. E to the Gentile Decl., Dkt. No. 32-8.) "District courts routinely enforce contractual pre-judgment interest provisions under PACA." Double Green Produce, Inc., 387 F. Supp. 3d at 272 (collecting cases). "In determining whether a plaintiff may recover pre-judgment interest, the pivotal question is whether the parties' contract provides for an award of interest and collection costs in favor of [plaintiff]." G & P Warehouse, Inc. v. Cho's Church Ave Fruit Mkt. Inc., No. 15 CV 6174, 2016 WL 5802747, at *7 (E.D.N.Y. Aug. 12, 2016) (quotations and citation omitted), report and recommendation adopted, 2016 WL 5716819 (E.D.N.Y. Sept. 30, 2016). Courts have construed "standard-form provisions contained in invoices to constitute additional terms of the purchase agreement between the parties governed by N.Y. U.C.C. § 2-207(2)(b)." Tomato Mgmt., Corp. v. CM Produce LLC, No. 14 CV 3522 , 2014 WL 2893368, at *1 (S.D.N.Y. June 26, 2014) (citation omitted); see also Taylor & Fulton

4

Packing, LLC v. Marco Int'l Foods, LLC, No. 09 CV 2614, 2011 WL 6329194, at *8 (E.D.N.Y. Dec. 16, 2011) ("Courts typically look to the contractual terms contained in the invoices when determining the appropriate award.").

Plaintiff included a standard-form provision in each of its invoices to CKF Produce stating that "[a] finance charge of 1-1/2% per month (18 annual percent rate) will be added to all balances over 30 days old." (Invoices, annexed as Ex. A to the Serafino Decl., Dkt. No. 32-4.) A 1.5 percent interest rate per month and an eighteen percent interest rate per annum are reasonable and consistent with awards in this Circuit. See, e.g., S. Katzman Produce, Inc. v. JAT Beverage Inc., No. 17 CV 7930, 2018 WL 6437058, at *5 (S.D.N.Y. Dec. 7, 2018) (finding an eighteen percent annual interest rate reasonable). This standard provision, which gave notice to CKF Produce that interest would accrue on any past-due balance at an annual rate of eighteen percent, is a sufficient basis to award plaintiff pre-judgment interest. See, e.g., Higueral Produce, Inc. v. CKF Produce Corp., No. 18 CV 6760, 2019 WL 5694079, at *10 (E.D.N.Y. Aug. 16, 2019), report and recommendation adopted as modified, 2019 WL 5693798 (E.D.N.Y. Sept. 30, 2019); G & P Warehouse, Inc., 2016 WL 5802747, at *7; S. Katzman Produce, Inc. v. Won, No. 08 CV 2403, 2009 WL 2448408, at *6 (E.D.N.Y. Aug. 7, 2009).

Also included on the top of each invoice is a line: "Pay Terms: P[ACA] 10 Days." (See Invoices.) Thus, it is reasonable to infer that the interest on unpaid balances accrues ten days after the date of the invoice. This is consistent with plaintiff's interest chart, which notes the payment due dates as ten days after the invoice date. (See Calculations of Interest Chart.) A ten-day due date is in accordance with PACA, see 7 C.F.R. § 46.2(aa), "unless the parties have agreed, in writing and before entering into the transaction, to different payment terms." Havana Potatoes of N.Y. Corp. v. United States, 136 F.3d 89, 91 (2d Cir. 1997) (citing 7 C.F.R. §

5

46.22(aa)(11)). Here, there is no documentary evidence to suggest that the parties agreed to a different payment term.

Upon examining the chart plaintiff submitted to support its calculations, there are some discrepancies based on the documents provided. First, there appear to have been some transcription errors when entering data into the chart; some of the invoice amounts were incorrectly inputted. Additionally, it appears an annual interest rate of 18.25 percent is being used to calculate the interest owed on each invoice, not the agreed-upon eighteen percent. I have based my calculations on the below chart. Accordingly, I respectfully recommend that plaintiff be awarded $45,495.78 in pre-judgment interest through March 1, 2020.

| Invoice Date | Order Number | Payment Due Date | Invoice Amount | Number of Days | Per Diem Interest | Interest Owed |
|---|---|---|---|---|---|---|
| 6/29/2019 | 218126 | 7/9/2019 | $2,376.00 | 235 | $1.17 | $274.95 |
| 7/1/2019 | 218157 | 7/11/2019 | $12,009.00 | 233 | $5.92 | $1,379.36 |
| 7/1/2019 | 218249 | 7/11/2019 | $1,872.00 | 233 | $0.92 | $214.36 |
| 7/2/2019 | 218621 | 7/12/2019 | $12,530.00 | 232 | $6.18 | $1,433.76 |
| 7/3/2019 | 219029 | 7/13/2019 | $13,652.00 | 231 | $6.73 | $1,554.63 |
| 7/5/2019 | 219440 | 7/15/2019 | $15,940.00 | 229 | $7.86 | $1,799.94 |
| 7/6/2019 | 219781 | 7/16/2019 | $17,159.50 | 228 | $8.46 | $1,928.88 |
| 7/6/2019 | 219784 | 7/16/2019 | $2,688.00 | 228 | $1.33 | $303.24 |
| 7/8/2019 | 220174 | 7/18/2019 | $18,095.00 | 226 | $8.92 | $2,015.92 |
| 7/8/2019 | 220177 | 7/18/2019 | $2,250.00 | 226 | $1.11 | $250.86 |
| 7/9/2019 | 220564 | 7/19/2019 | $19,867.00 | 225 | $9.80 | $2,205.00 |
| 7/10/2019 | 220928 | 7/20/2019 | $2,592.00 | 224 | $1.28 | $286.72 |
| 7/10/2019 | 220960 | 7/20/2019 | $11,323.00 | 224 | $5.58 | $1,249.92 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7/11/2019 | 221430 | 7/21/2019 | $13,861.50 | 223 | $6.84 | $1,525.32 |
| 7/11/2019 | 221435 | 7/21/2019 | $1,296.00 | 223 | $0.64 | $142.72 |
| 7/11/2019 | 221473 | 7/21/2019 | $882.00 | 223 | $0.43 | $95.89 |
| 7/12/2019 | 221927 | 7/22/2019 | $9,642.00 | 222 | $4.75 | $1,054.50 |
| 7/13/2019 | 222305 | 7/23/2019 | $20,695.00 | 221 | $10.21 | $2,256.41 |
| 7/15/2019 | 222643 | 7/25/2019 | $11,428.00 | 219 | $5.64 | $1,235.16 |
| 7/16/2019 | 222943 | 7/26/2019 | $12,010.00 | 218 | $5.92 | $1,290.56 |
| 7/17/2019 | 223469 | 7/27/2019 | $15,362.00 | 217 | $7.58 | $1,644.86 |
| 7/18/2019 | 224022 | 7/28/2019 | $14,077.00 | 216 | $6.94 | $1,499.04 |
| 7/19/2019 | 224394 | 7/29/2019 | $13,101.00 | 215 | $6.46 | $1,388.90 |
| 7/20/2019 | 224878 | 7/30/2019 | $14,107.25 | 214 | $6.96 | $1,489.44 |
| 7/22/2019 | 225248 | 8/1/2019 | $15,109.00 | 212 | $7.45 | $1,579.40 |
| 7/23/2019 | 225625 | 8/2/2019 | $17,537.50 | 211 | $8.65 | $1,825.15 |
| 7/24/2019 | 226088 | 8/3/2019 | $10,623.25 | 210 | $5.24 | $1,100.40 |
| 7/25/2019 | 226641 | 8/4/2019 | $13,552.00 | 209 | $6.68 | $1,396.12 |
| 7/26/2019 | 227085 | 8/5/2019 | $5,978.00 | 208 | $2.95 | $613.60 |
| 7/27/2019 | 227551 | 8/6/2019 | $12,068.00 | 207 | $5.95 | $1,231.65 |
| 7/29/2019 | 227914 | 8/8/2019 | $14,225.00 | 206 | $7.02 | $1,446.12 |
| 7/30/2019 | 228253 | 8/9/2019 | $7,930.00 | 205 | $3.91 | $801.55 |
| 7/30/2019 | 228286 | 8/9/2019 | $1,824.00 | 205 | $0.90 | $184.50 |
| 7/31/2019 | 228651 | 8/10/2019 | $12,154.50 | 203 | $5.99 | $1,215.97 |
| 8/1/2019 | 229179 | 8/11/2019 | $12,521.00 | 202 | $6.17 | $1,246.34 |
| 8/2/2019 | 229741 | 8/12/2019 | $10,390.00 | 201 | $5.12 | $1,029.12 |

| 8/3/2019 | 230161 | 8/13/2019 | $9,968.00 | 200 | $4.92 | $984.00 |
| 8/5/2019 | 230650 | 8/15/2019 | $13,734.00 | 198 | $6.77 | $1,340.46 |
| 8/6/2019 | 231017 | 8/16/2019 | $10,104.00 | 197 | $4.98 | $981.06 |
| | | | | | TOTAL: | $45,495.78 |

C. Post-Judgment Interest

Plaintiff also seeks post-judgment interest until the principal amount is repaid at the federal statutory rate. (Pl.'s Mem. at 9.) Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, I respectfully recommend that post-judgment interest be calculated from the date the Clerk of the Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. §1961. See, e.g., Giumarra Agricom Int'l, LLC v. Fresh Growers Direct, Inc., No. 17 CV 2222, 2018 WL 1136037, at *8 (E.D.N.Y. Jan. 30, 2018), report and recommendation adopted, 2018 WL 1136085 (E.D.N.Y. Feb. 28, 2018).

D. Attorney's Fees

Plaintiff seeks a total of $21,665 in attorney's fees based on 61.9 hours of work. (Pl.'s Mem. at 10; Gentile Decl. ¶ 11; see also Billing Records, attached as Ex. D to Gentile Decl., Dkt. No. 32-7.) "PACA explicitly provides for an award of attorneys' fees when 'the parties' contract so provides,' as the fees 'become subject to the PACA trust together with the principal debt.'" G & P Warehouse, Inc., 2016 WL 5802747, at *9 (quoting Dayoub Mktg., Inc. v. S.K. Produce Corp., No. 04 CV 3125, 2005 WL 3006032, at *4 (S.D.N.Y. Nov. 9, 2005)). As explained above, standard-form provisions included on invoices are considered terms of a contract between the parties under PACA. Id. at *7. Here, the standard-form provision on each invoice stated that "attorney fees necessary to collect any balance due hereunder shall be

8

considered owing in connection with this transaction." (Invoices.) Accordingly, attorney's fees are available to plaintiff.

District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In addition, an application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records." Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010). Plaintiff has satisfied this requirement by submitting attorney time records. (See Billing Records.)

The court must first assess whether plaintiff's counsel requests a reasonable hourly rate. A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). The "community" is generally considered to be the district where the

9

court sits. See Arbor Hill, 522 F.3d at 190. Also, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Id. at 184 n.2 (citations omitted).

Plaintiff's counsel, Paul T. Gentile P.C., requests an hourly rate of $350. (Gentile Decl. ¶ 11.) Mr. Gentile is a sole practitioner with approximately thirty years of experience as an attorney handling PACA litigation in district courts. (Id. ¶ 12.) I find this rate reasonable based on the rates typically awarded in this district for comparable work. See Cent. Produce Corp. v. 32-18 M&M Corp., No. 17 CV 3841, 2018 WL 4327923, at *9 (E.D.N.Y. July 9, 2018) (awarding $375 per hour for attorneys' services in PACA case), report and recommendation adopted sub nom. Cent. Produce Corp. v. 34-18 M&M Corp., 2018 WL 4326925 (E.D.N.Y Sept. 10, 2018); G & P Warehouse, Inc., 2016 WL 5802747, at *11 (awarding hourly rate of $365 in PACA default); Hop Hing Produces, Inc., 2013 WL 1232919, at *6 (awarding hourly rate of $375 to an experienced PACA practitioner).

To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lundav v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). "The [c]ourt must review these time records and the hours an attorney billed in order to determine the reasonableness of such and, in doing so, should examine the value of the work product and exclude excessive, redundant or otherwise unnecessary hours." Cent. Produce Corp., 2018 WL 4327923 at *5 (internal quotations and citations omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other

considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'").

Based on my review of the invoices and contemporaneous records, which accompanied Mr. Gentile's declaration affirming that such records are accurate, the 61.9 hours spent on this case, see Gentile Decl. ¶ 11; Billing Records, far exceeds the number of hours typically billed in recent PACA default judgment cases in this district. See, e.g., Higueral Produce, Inc., 2019 WL 5694079, at *13 (finding 16.3 hours a reasonable amount); Double Green Produce, Inc., 387 F. Supp. 3d at 273 (finding 9.9 hours a reasonable amount); G & P Warehouse, Inc., 2016 WL 5802747, at *11 (finding 11.1 hours a reasonable amount). Thus, I find the sought 61.9 hours unreasonable, particularly in light of the dismissal of claims against Katheryn De La Rosa. (See Stipulation and Order of Dismissal Solely as to Katheryn De La Rosa, dated Mar. 12, 2021, Dkt. No. 54.) Therefore, I recommend a thirty-three percent across-the-board reduction of hours to bring the total to 40.9 hours. See LaBarbera v. J.E.T. Resources, Inc., 396 F. Supp. 2d 346, 352 (E.D.N.Y. 2005) ("[W]hen there is a fee application containing excessive hours, it is within the discretion of the district court to make an across the board percentage reduction."). See also Cent. Produce Corp., 2018 WL 4327923, at *9 (finding 41.5 hours to be a reasonable amount in light of the work completed). I therefore respectfully recommend awarding plaintiff $14,315 in attorney's fees.

E.  Costs

Finally, plaintiff seeks a total of $1,627.73 in costs. (Pl.'s Mem. at 10; Gentile Decl. ¶ 13.) "PACA does not require an award of . . . costs, but does permit the court to enforce the parties' contractual agreement by granting such relief." Bounty Fresh, LLC v. J N Y Produce, Inc., No. 12 CV 2415, 2014 WL 1010833, at *6 (E.D.N.Y. Mar. 14, 2014). As

11

previously discussed, the standard form provision included in each invoice to CKF Produce became part of the contractual agreement between the parties. However, while the provision mentions interest and attorney's fees, it does not include any language regarding costs. (See Invoices.) Therefore, I find that plaintiff is not entitled to the costs it incurred in this action beyond attorney's fees, and I respectfully recommend not awarding plaintiff the requested $1,627.73 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $425,129.50 in unpaid principal, $45,495.78 in pre-judgment interest, post-judgment interest, and $14,315 in attorney's fees. I respectfully recommend that plaintiff not be awarded the requested sum for costs.

Plaintiff is directed to serve a copy of this Report and Recommendation on the defaulting defendants by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       May 17, 2021